**NOT FOR PUBLICATION** (Doc. Nos. 7, 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
NI-SHON LATIA LAWTON :
BEY, :
 :
 :
    Plaintiff, : Civil No. 10-5609 (RBK/AMD)
 :
  v. : **OPINION**
 :
CLEMENTON ELEMENTARY :
SCHOOL/DISTRICT and ATLANTIC :
COUNTY GOVERNMENT OF NEW :
JERSEY, William E. Sherer, and Sharon :
Paisley, :
 :
    Defendants. :
_____ :

**KUGLER**, United States District Judge:

  This is a child custody dispute disguised as a civil rights lawsuit. Plaintiff Ni-Shon Latia Lawton Bey alleges that Defendant Clementon Elementary School ("Clementon Elementary") failed to prevent her son's father, Defendant William E. Sherer, from removing her son from Clementon Elementary without Plaintiff's consent. Plaintiff asserts claims for fraud, false arrest, kidnapping and other vague "federal and civil rights violations." (Compl. at 1). Presently before the Court is the motion by Clementon Elementary (Doc. No. 7), and the motions by the Superior Court of New Jersey, Atlantic County and Judge Mark H. Sandson (Doc. No. 8) to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(B)(6). For the following reasons, Defendants' motions are **GRANTED**.

**I. BACKGROUND**

  All of the background facts of this case are derived from the Complaint and assumed true.

1

Plaintiff and Mr. Sherer are the parents of Zachary Sherer, a student at Clementon Elementary. Defendant Sharon Paisley is an associate of Mr. Sherer, who shares custody of Zachary with Mr. Sherer. Plaintiff alleges that on March 27, 2008, Mr. Sherer went to Clementon Elementary and removed Zachary from school without her consent, and that Clementon Elementary wrongfully permitted Mr. Sherer to "kidnap" Zachary. (Compl. at 1).

Sometime before March 27, 2008, Plaintiff and Mr. Sherer were involved in a dispute for custody of Zachary. During that dispute, Plaintiff and Mr. Sherer appeared at a hearing before Judge Mark. H. Sandson in Superior Court of New Jersey, Atlantic County. Plaintiff claims that during the hearing, she attempted to present evidence, but Judge Sandson dismissed her evidence and inappropriately ordered her to pay $65.00 per week in child support payments. Plaintiff also believes that Judge Sandson demonstrated "pure racial bias" towards her during the custody proceedings, and ordered her to pay child support even though Mr. Sherer owed her $16,400.00 in child support, but paid only $25.00.

Plaintiff and Zachary did not communicate for one month after the hearing before Judge Sandson. As a result, Plaintiff notified the Pleasantville Police Department and asked a police officer to visit the residence of Mr. Sherer and Ms. Paisely. After the police investigated the incident they assured Plaintiff that her son Zachary was safe. Approximately ten minutes after the police departed, Plaintiff received a call from Mr. Sherer. Plaintiff alleges that during her telephone conversation with Mr. Sherer, she told him that "she was taking him to court." (Compl. at 2). Plaintiff claims that after the conversation, Mr. Sherer informed the police that she threatened to kill his family.

Sometime after Plaintiff's conversation with Mr. Sherer, Pleasantville police officers went to Plaintiff's residence to deliver a temporary restraining order. When the officers arrived,

Plaintiff was not present. Plaintiff alleges that two days later, the police officers returned to Plaintiff's residence and arrested her for violating a restraining order and making terroristic threats. After the arrest, Plaintiff spent three days in jail.

On October 20, 2010, Plaintiff filed the Complaint. The Complaint alleges "[t]here have been very serious constitutional violations in this matter involving fraud, false arrest, kidnapping and state, federal and civil right violations on myself (Ni-Shon Latia Lawton Bey) and Zachary Sherer, my son." (Id.). On January 17, 2011, Clementon Elementary moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7). Clementon Elementary argued that the Court should dismiss the Complaint because (1) Plaintiff failed to comply with the applicable statute of limitations, and (2) the Complaint fails to allege a plausible claim of supervisory liability under 42 U.S.C. § 1983. On February 15, 2011, Defendants Atlantic County Government of New Jersey ("the State of New Jersey"), Judge Sandson, and the Superior Court of New Jersey moved to dismiss the Complaint, arguing that: (1) Plaintiff's claims against the State of New Jersey are meritless because New Jersey is entitled to sovereign immunity; (2) the Court should dismiss all claims against Judge Sandson and the State of New Jersey because they are not "persons" under 42 U.S.C. § 1983; and (3) the Court must dismiss all claims against Judge Sandson because he is entitled to judicial immunity. (Doc. No. 8). The parties submitted their respective briefs and the motions are ripe for review.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two-part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 2010-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

### III. DISCUSSION

#### A. Statute of Limitations

"The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). The statute of limitations for a cause of action under § 1983 arising in New Jersey is two years. N.J. Stat. Ann. § 2A:14-2. Moreover, "[f]ederal law governs a cause of action's accrual date." Kach, 589 F.3d at 634. Under federal law, a cause of action accrues "when the plaintiff knew or should have known of the injury upon which [the] action is based." Id. (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). As the Third Circuit explained in Kach:

4

> The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

Id.

In this case, Plaintiff alleges that a "parental kidnapping took place on or about the 27th day of March 2008 by noncustodial father and was allowed by Clementon Elementary School sight unseen of father to be removed from school without my consent." (Compl. at 1) (errors in original). The Complaint contains no other allegations relevant to Clementon Elementary. Thus, it appears from the face of the Complaint that the cause of action against Clementon Elementary accrued on March 27, 2008. However, Plaintiff filed the Complaint on October 20, 2010 – approximately two years and six months after the cause of action accrued. Because Plaintiff filed the Complaint approximately six months after the applicable statute of limitations lapsed, the Complaint was untimely.

However, although the Complaint is untimely under New Jersey law, the Court must determine whether there is a basis in state or federal law for tolling the statute of limitations. "The general rule is that state tolling principles . . . govern § 1983 claims." Kach, 589 F.3d at 639. However, "[w]here state tolling principles contradict federal law or policy, federal tolling principles may apply in limited circumstances." Id. (citing Bd. of Regents v. Tomanio, 446 U.S. 478, 485 (1980) (noting that "federal courts [may] . . . disregard an otherwise applicable state rule of law only if the state law is inconsistent with the Constitution and laws of the United States.") (internal quotation marks and citation omitted)).

New Jersey's equitable tolling principles do not rescue Plaintiff's § 1983 claims.  In New Jersey, "[t]he primary purpose of the statute of limitations is to provide defendants a fair opportunity to defend and to prevent plaintiffs from litigating state claims."  W.V. Pangborne & Co., Inc. v. New Jersey Dept' of Transportation, 562 A.2d 222, 232 (N.J. 1989).  Thus, "where defendants are on notice of the claims, and no significant prejudice results, the policy reasons for upholding a strict statute of limitations recede."  Price v. N.J. Mfrs. Ins. Co., 867 A.2d 1181, 1184-85 (N.J. 2005) (quoting W.V. Pangborne & Co., Inc., 562 A.2d at 232).  New Jersey's flexible approach to the statute of limitations avoids the "[u]nswerving 'mechanistic' application of statutes of limitations," that could "inflict obvious and unnecessary harm upon individual plaintiffs without advancing . . . legislative purposes."  Id. (quoting Galligan v. Westfield Ctr. Serv., Inc., 412 A.2d 122, 124 (N.J. 1980)).

Here, there is no evidence that Defendants were on notice of Plaintiff's § 1983 claims.  Plaintiff points to no evidence that she notified Clementon Elementary of her § 1983 claim, or any other claim for that matter, prior to October 20, 2010.  Moreover, denying Plaintiff the opportunity to pursue her § 1983 claims against Clementon Elementary results in no prejudice.  Plaintiff had a full and fair opportunity to file her claims against Defendants for almost three years, but neglected to do so.  To allow Plaintiff to file a complaint six months after the applicable statute of limitations lapsed, with no excuse for the delay, would effectively render the statute of limitations meaningless and unfairly require Defendants to defend against Plaintiff's claims in perpetuity.  Therefore, because there is no evidence that Plaintiff notified Clementon Elementary of her § 1983 claim within the time permitted by New Jersey law, and there is no evidence that applying the New Jersey statute of limitations will unduly prejudice Plaintiff, the Court finds that Plaintiff's § 1983 claim is barred under New Jersey law.

Having determined that Plaintiff's § 1983 claim against Clementon Elementary is barred under New Jersey law, the Court must determine whether New Jersey's tolling principles conflict with a federal law or policy. Kach, 589 F.3d at 639. The goals of § 1983 are deterrence and compensation. Id. at 643. Specifically, "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Id. (quoting Wyatt v. Cole, 504 U.S. 158, 161 (1992)).

New Jersey's tolling principles do not conflict with the goals of § 1983. Under federal law,

> [a] state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation. If success of the § 1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant.

Robertson v. Wegmann, 436 U.S. 584, 593 (1978). Here, Plaintiff provided no excuse for her failure to comply with the statute of limitations for filing a § 1983 action in New Jersey, and Plaintiff does not argue that New Jersey's statute of limitations is inconsistent with a federal law or policy. Furthermore, this Court finds no reason why New Jersey's two-year statute of limitations for intentional torts is inconsistent with the goals of § 1983. Therefore, because Plaintiff failed to comply with the New Jersey statute of limitations for filing her § 1983 claim, and the New Jersey statute of limitations does not conflict with a federal law or policy, Plaintiff's § 1983 claims against Clementon Elementary are dismissed with prejudice.[1]

---

[1] The Court notes that even assuming arguendo that federal tolling principles govern Plaintiff's claims, none of the federal tolling principles apply to this matter. Federal equitable tolling principles apply in the following circumstances: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." Kach, 589 F.3d at 645.

**B. Fraud**

Plaintiff also asserts a fraud claim against all Defendants. Under New Jersey law, the elements of common law fraud are: (1) a material misrepresentation of a presently existing or past fact, (2) knowledge or belief by the defendant of its falsity, (3) intent that the other party rely on it, (4) reliance by the other party, and (5) resulting damages. Triffin v. Automatic Data Processing, Inc., 926 A.2d 362, 368 (N.J. Super. Ct. App. Div. 2007). A plaintiff must plead fraud with particularity under Federal Rule of Civil Procedure 9(b). Fredericko v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). Thus, a party claiming fraud must "plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

Plaintiff fails to plead fraud with requisite specificity. The Complaint alleges: "[t]here have been very serious violations in this matter involving fraud . . . on myself (Ni-Shon Latia Lawton Bey) and Zachary Sherer, son." (Compl. at 1). However, Plaintiff fails to allege a material misrepresentation, knowledge of its falsity, intent for another party to rely upon it, reliance, and resulting damages by any of the Defendants named in this litigation. In fact, the Complaint fails to allege any false, misleading, or dishonest statement directed toward Plaintiff by any named defendant in this action, much less knowledge, reliance, or causation. Therefore, because the Complaint fails to plead fraud with specificity, as required by Rule 9(b), Plaintiff's fraud claims against all defendants are dismissed.

**C. Kidnapping**

Under New Jersey law, kidnapping is a criminal offense. See N.J. Stat. Ann. 2C:13-1(b).

---

Here, there is no evidence that Defendants mislead Plaintiff, or that Plaintiff was otherwise prevented from asserting her § 1983 claim. Furthermore, there is no evidence that Plaintiff filed a § 1983 claim against Clementon Elementary in the wrong forum. Accordingly, federal tolling principles are inapplicable to this matter.

The Court is unaware of any civil offense for kidnapping in New Jersey. Therefore, because kidnapping is not a civil offense under the law of New Jersey, this Court lacks jurisdiction over Plaintiff's kidnapping claim. See Bey v. Pennsylvania, 345 F. App'x 731 (3d Cir. 2009) (affirming district court dismissal of plaintiff's state criminal claims for lack of subject matter jurisdiction). Accordingly, Plaintiff's kidnapping claim against Mr. Sherer and Ms. Paisley is dismissed.

### D. Plaintiff's § 1983 Claims Against Judge Sandson and the Superior Court of New Jersey, Atlantic County

Judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under § 1983 pursuant to the doctrine of judicial immunity. Mireles v. Waco, 502 U.S. 9, 9 (1991); Wirfel v. Leahey, 351 F. App'x 735, 736 (3d Cir. 2009) ("The Supreme Court long has recognized that judges are immune from suit for monetary damages arising from their judicial acts."). Judicial immunity can be overcome only for actions not taken in a judicial capacity, or for actions taken in a complete absence of all jurisdiction. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

Judicial immunity also shields judges from suits for injunctive relief when they are acting as neutral arbitrators. See Johnson v. Bengel, No. 06-1284, 2006 WL 3843557, at *6 (W.D. Pa. Dec. 14, 2006) ("[S]tate court judicial officers are not proper party defendants under Section 1983 for their adjudicatory actions . . . .") (citing Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 199 (3d Cir. 2000) ("[A]lthough in [Georgevich v. Strauss, 772 F.2d 1078 (3d Cir. 1985)] we held the judges amenable to suit under § 1983, our decision nevertheless recognized the impropriety of such suits where the judge acted as an adjudicator rather than an enforcer or

administrator of a statute.")).

Here, Plaintiff alleges that "[Judge] Sandson has shown pure racial bias towards me in this case, in turn dragging myself and family through irreversible mental anguish and stress on my pregnancy, having a direct effect on the death of my new born baby." (Compl. at 2). However, because the allegations in the Complaint derive from Judge Sandon's duties as a judicial officer, and Plaintiff does not allege that Judge Sandson did not have jurisdiction over her custody dispute, Judge Sandson is immune from any order for monetary damages. Moreover, because there is no evidence that Judge Sandson was not acting as a neutral arbitrator in Plaintiff's custody dispute, Judge Sandson is immune from any order for injunctive relief. Accordingly, all Plaintiff's claims against Judge Sandson, the State of New Jersey, and the Superior Court of New Jersey are dismissed.[2]

### III. CONCLUSION

For the reasons discussed above, the Court will **GRANT** the motions to dismiss filed by Clementon Elementary, the Superior Court of New Jersey, and Judge Sandson. An appropriate Order shall issue today.

---

[2] Plaintiff's claims against "Atlantic County Government of New Jersey" are dismissed because they derive from Judge Sandson's conduct as a New Jersey State official. Although it is unclear from the Complaint, the Court construes Plaintiff's claim against "Atlantic County Government of New Jersey" as a claim against the State of New Jersey, and the Superior Court of New Jersey, Atlantic County for the acts of Judge Sandson. In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. at 71. Because the only allegations in the Complaint that implicate the State of New Jersey are Judge Sandson's acts during Plaintiff's state child custody proceeding, Plaintiff's § 1983 claims against the Superior Court of New Jersey, Atlantic County and the State of New Jersey are dismissed.

 Moreover, the Court must reach the same result even if the Court construes the claims against "Atlantic County Government of New Jersey" as claims against the Atlantic County Board of Chosen Freeholders ("the Board of Chosen Freeholders"). Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve the defendant within "120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Plaintiff failed to serve the Complaint and Summons upon the Board of Chosen Freeholders. Accordingly, any claims against the Board of Chosen Freeholders are dismissed.

Date: 7/21/2011                          /s/ Robert B. Kugler
                                                                                                             ROBERT B. KUGLER
                                                                                                             United States District Judge